UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| RUNE KRAFT,<br><br>    Plaintiff,<br><br>    v.<br><br>OLDCASTLE PRECAST, INC., et al.,<br><br>    Defendants. | Case No. 18-cv-03036-LB<br><br>**ORDER TRANSFERRING CASE TO THE CENTRAL DISTRICT OF CALIFORNIA** |

## INTRODUCTION

Plaintiff Rune Kraft files this action complaining about two cases in which he was involved in the Central District of California. Mr. Kraft names as defendants the parties to those prior cases (Oldcastle Precast, Inc. and the Inland Concrete Enterprises, Inc. Employee Stock Ownership Plan), their attorneys, and the clerks of court for the Central District and the Ninth Circuit Court of Appeals. He alleges that the defendants conspired with judges of the Central District and the Ninth Circuit to "rig the cases behind the scenes" against him.

Mr. Kraft's complaint raises at least two issues. First, Mr. Kraft's complaint does not show why his claims about his prior cases should be addressed in this District rather than in the Central District where they arose. Second, as described further below, the Central District has declared Mr. Kraft to be a vexatious litigant and has enjoined him from filing any new actions against Oldcastle or the Inland Plan in any court without first obtaining written authorization from Judges

Fairbank or Kronstadt of the Central District. Mr. Kraft does not appear to have obtained that advance written authorization. By filing this action, he is in apparent violation of a court order, and it may be appropriate to transfer this action to the court that issued that order (i.e., the Central District) so that it can determine what sanctions might be appropriate.

The court issued an order for Mr. Kraft to show cause why this case should not be transferred to the Central District.[1] The court also asked the defendants for their views on a transfer.[2] Mr. Kraft filed a response opposing the transfer.[3] No defendant filed a response.[4]

For the following reasons, the court transfers this case to the Central District of California under 28 U.S.C. § 1404(a).[5]

## PROCEDURAL HISTORY

**1.** ***Inland Concrete Enterprises Inc. Employee Stock Ownership Plan v. Kraft*, No. 2:10-cv-01776-VBF-OP (C.D. Cal. filed Mar. 11, 2010)**

In 2010, the Inland Plan (and other plaintiffs) filed an action in the Central District against Mr. Kraft and Kraft Americas, LP. The action related to a broker's fee/finder's fee dispute between the Plan and Mr. Kraft relating to the transaction in which Inland was acquired by Oldcastle.

In that action, the Central District found that Mr. Kraft willfully destroyed evidence and fabricated documents regarding the destruction of that evidence. *Inland Concrete Enters., Inc. v. Kraft Ams. LP*, No. CV 10-1776-VBF(OPx), 2011 WL 13209166, at *8 (C.D. Cal. Mar. 9, 2011) (*Inland I*). The Central District further found that Mr. Kraft failed to respond to discovery requests

---

[1] Order to Show Cause – ECF No. 7.

[2] *Id.* at 4.

[3] Kraft Opp'n – ECF No. 8.

[4] *See* Docket.

[5] Mr. Kraft has consented to magistrate-judge jurisdiction. Kraft Consent – ECF No. 5. While the defendants have not consented to (or declined) magistrate-judge jurisdiction, the undersigned can issue a non-dispositive order transferring the case. *See Kinney v. Gutierrez*, No. 3:16-cv-02278-LB, 2016 WL 4268679, at *1 (N.D. Cal. Aug. 15, 2016) (citing *Pavao v. Unifund CCR Partners*, 934 F. Supp. 2d 1238, 1241 n.1 (S.D. Cal. 2013)).

ORDER – No. 18-cv-03036-LB         2

1  and failed to comply with the Central District's discovery orders, and that his refusal to comply
2  was willful and demonstrated bad faith. *Inland Concrete Enters., Inc. v. Kraft Ams., L.P.*, No. CV
3  10-1776-VBF (OP), 2011 WL 13209258, at *3 (C.D. Cal. May 12, 2011) (report and
4  recommendation) (*Inland II*), *adopted*, 2011 WL 13209257 (C.D. Cal. June 22, 2011) (*Inland III*).
5  The Central District issued monetary sanctions, but Mr. Kraft failed to pay them and flatly refused
6  to comply with the Central District's discovery orders. *Inland II*, 2011 WL 13209258, at *4.
7  Finding that lesser sanctions had no impact on Mr. Kraft's refusal to comply with court orders, in
8  June 2011, the Central District issued terminating sanctions and entered judgment in favor of the
9  Inland Plan and against Mr. Kraft. *Inland III*, 2011 WL 13209257, at *1.

**2. *Kraft Americas, L.P. v. Oldcastle Precast, Inc.*, No. 2:15-cv-00701-VBF-AS (C.D. Cal. filed Jan. 30, 2015)**

In 2015, Mr. Kraft filed a new action against Oldcastle and the Inland Plan in the Central District, alleging claims of fraud, conspiracy, and obstruction of justice. On March 24, 2016, the Central District declared Mr. Kraft to be a vexatious litigant and enjoined him from filing any new action, in any court, against Oldcastle, the Inland Plan, or various other related persons or entities, without first obtaining advance written authorization from Judges Fairbank or Kronstadt of the Central District. *Kraft v. Old Castle Precast, Inc.*, No. LA CV 15-00701-VBF, 2016 U.S. Dist. LEXIS 183082, at *58 (C.D. Cal. Mar. 24, 2016). On April 15, 2016, the Central District dismissed Mr. Kraft's complaint. *Kraft v. Old Castle Precast Inc.*, No. LA CV 15-00701-VBF, 2016 U.S. Dist. LEXIS 183067 (C.D. Cal. Apr. 15, 2016). On August 2, 2016, the Central District denied Mr. Kraft's motion for reconsideration. *Kraft v. Old Castle Precast Inc.*, No. LA CV 15-00701-VBF, 2016 WL 4120049 (C.D. Cal. Aug. 2, 2016). On October 31, 2017, the Ninth Circuit affirmed the dismissal of Mr. Kraft's complaint. *Kraft v. Oldcastle Precast, Inc.*, 700 F. App'x 704 (9th Cir. 2017).

## 3. The Instant Action

In 2018, Mr. Kraft filed this action in this District against Oldcastle, the Inland Plan, Oldcastle's and the Inland Plan's attorneys, and the clerks of court for the Central District and the Ninth Circuit.[6] Mr. Kraft alleges that the defendants conspired with the presiding judges in the Central District and the Ninth Circuit (whom Mr. Kraft designates as "co-conspirators" but who are not officially named as co-defendants) to "rig the [Central District] cases behind the scenes" against him.[7]

# ANALYSIS

## 1. Governing Law

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought[.]" 28 U.S.C. § 1404(a).

An action may be transferred to another court if: (1) that court is one where the action might have been brought; (2) the transfer serves the convenience of the parties; and (3) the transfer will promote the interests of justice. *Kinney v. Gutierrez*, No. 3:16-cv-02278-LB, 2016 WL 4268679, at *2 (N.D. Cal. Aug. 15, 2016) (citing *E & J Gallo Winery v. F. & P. S.p.A.*, 899 F. Supp. 465, 466 (E.D. Cal. 1994)). Generally, the court affords the plaintiff's choice of forum great weight. *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987). But when judging the weight to be given to plaintiff's choice of forum, consideration must be given to the respective parties' contact with the chosen forum. *Id.* "If the operative facts have not occurred within the forum and the forum has no

---

[6] Compl. – ECF No. 1. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents

[7] *Id.* at 12 (¶ 322) ("As alleged herein and above, these Defendants and Co-Conspirators, each and all, have engaged and continue to engage in the attempted installation of a rule of deals based system above the rule of law at the U.S. District Court, Central District of California and the U.S. Court of Appeals for the Ninth Circuit which has been used in Case No.: CV10-1776 VBF-OP and Case No.: 2:15-cv-00701-VBF-AS to rig the cases behind the scenes by making things up and lying for the purpose of fixing the outcomes and prevent any and all remedial efforts.").

1  interest in the parties or subject matter," the plaintiff's choice "is entitled only minimal
2  consideration." *Id.*

3  "A transfer under § 1404(a) may be ordered sua sponte so long as the parties have the
4  opportunity to present their views on the issue." *Berman v. Brown*, No. 5:15-cv-03282-EJD, 2015
5  WL 4735522, at *2 (N.D. Cal. Aug. 10, 2015) (internal quotation marks omitted) (quoting *Am.
6  Realty Investors, Inc. v. Prime Income Mgmt., Inc.*, No. 2:13-cv-00278-APG-CHW, 2013 WL
7  5947221, at *1 (D. Nev. Nov. 4, 2013) (quoting *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir.
8  1986))).

### 2. Application

Transfer to the Central District of California is appropriate here.

First, Mr. Kraft could have brought his action in the Central District, because a substantial part of the events of which Mr. Kraft complains (i.e., his prior lawsuits) occurred there. 28 U.S.C. § 1391(b)(2).

Second, a transfer serves the convenience of the parties and will promote the interests of justice. Mr. Kraft complains about his prior lawsuits in the Central District, all of the court files related to those lawsuits are located there (not here), and the court there would be far more familiar with the facts at issue. Mr. Kraft is not a resident of either this District or the Central District (he resides outside the United States[8]) so this District is no more convenient for him than the Central District is. Most significant is the fact that the Central District has enjoined Mr. Kraft from filing any new lawsuits in any court against Oldcastle or the Inland Plan without first obtaining advance written authorization from Judges Fairbank or Kronstadt. Mr. Kraft does not appear to have obtained that advance written authorization before filing this action, and he thus is in apparent violation of the Central District's order. "Transfer is indeed appropriate in such a situation to avoid the prospect of a litigant using one district court as a safe haven from the lawful orders of another." *In re Tripati*, 836 F.2d 1406, 1407 (D.C. Cir. 1988).

---

[8] Compl. – ECF No. 1 at 3 (¶ 4).

ORDER – No. 18-cv-03036-LB  5

Mr. Kraft claims that the Central District "adjudicates based on a rule of deals" as opposed to "the rule of law" and that his lawsuits there "have been rigged behind the scenes and their outcomes do not reflect true justice."[9] That he may hold these views, however, does not give him license to violate the Central District's order enjoining him from bringing new lawsuits. "Unless a stay or reversal is obtained, a party must comply with a court order, even if [he] believes that the order is erroneous or contrary to law." *Guardian Life Ins. Co. of Am. v. Andraos*, No. CV 07-5732 SJO (FMOx), 2009 WL 10675048, at *3 (C.D. Cal. Feb. 10, 2009) (citing cases); *accord Zapon v. U.S. Dep't of Justice*, 53 F.3d 283, 285 (9th Cir. 1995). If he objects to the Central District's injunction order, he must raise his issues with that court, not this one — a fact that further confirms the appropriateness of a transfer.

## CONCLUSION

The court transfers this action to the Central District of California.

**IT IS SO ORDERED.**

Dated: August 9, 2018

_____
LAUREL BEELER
United States Magistrate Judge

---

[9] Kraft Opp'n – ECF No. 8 at 2, 4.